IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MERTON GEORGE YAHN,<br><br>    Petitioner,<br><br>    v.<br><br>AUDREY KING, Warden,<br><br>    Respondent.<br>_____/ | 1:12-cv-01647 LJO MJS (HC)<br><br>ORDER GRANTING TRANSFER OF CASE TO THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF CALIFORNIA<br><br>(Doc. 12) |

On July 2, 2012, Petitioner, a state prisoner proceeding pro se, filed a habeas corpus action with this Court pursuant to 28 U.S.C. § 2241. (Pet., ECF No. 1.)

On October 16, 2012, Respondent was ordered to respond to the Petition, and did so by way of request to transfer the matter to the United States District Court, Northern District of California. (Order, Request to Transfer, ECF Nos. 5, 12.) Petitioner did not respond to Respondent's request to transfer.

The request to transfer the petition is GRANTED.

The federal venue statute requires that a civil action, other than one based on diversity jurisdiction, be brought only in "(1) a judicial district where any defendant resides, if all defendants reside in the same state, (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of the property that is the subject of the action is situated, or (3) a judicial district in which any defendant may be

-1-

found, if there is no district in which the action may otherwise be brought." 28 U.S.C. § 1391(b).

However, venue for a habeas action is proper in either the district of confinement or the district of conviction. 28 U.S.C. § 2241(d). The district court for the district wherein such an application is filed in the exercise of its discretion and in furtherance of justice may transfer the application to the other district court for hearing and determination. Id.

It is preferable for petitions challenging a conviction or sentence to be heard in the district of conviction while petitions challenging the manner in which the sentence is being executed be heard in the district of confinement. Dunne v. Henman, 875 F.2d 244, 249 (9th Cir. 1989). In this case, Respondent correctly notes that Petitioner is challenging his commitment in Lake County, California. As Lake County is located in the Northern District of California, all of the material events, records, and witnesses are located in that district. In the interest of justice, the petition will be transferred to the United States District Court for the Northern District of California. 28 U.S.C. §§ 1404(a) and 2241(d).

**ORDER**

Accordingly, IT IS HEREBY ORDERED that:

Respondent's motion to transfer the matter to the United States District Court for the Northern District of California is GRANTED.

IT IS SO ORDERED.

Dated:   February 20, 2013          /s/ *Michael J. Seng*
                                    UNITED STATES MAGISTRATE JUDGE